**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION**

| | | |
|---|---|---|
| SHOAREGA FEKYIBELU,<br>    Plaintiff, | *<br>*<br>* | |
| v. | *<br>* | Civil Action No. 12-cv-02012-AW |
| JONAE A. TOLEN, *et al.*<br>    Defendants. | *<br>*<br>*<br>*<br>* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM OPINION AND ORDER

Plaintiff Shoarega Fekyibelu filed this action against Defendants United Services Automobile Association (hereinafter, USAA) and its claims adjuster, Jonae Tolen, based on a denial of Plaintiff's claim for coverage related to a May 28, 2012 car accident.[1]  Doc. No. 1. Pending before the Court is Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction.  Doc. No. 8.  The Court has reviewed the parties' briefs and exhibits and finds that no hearing is necessary.  Loc. R. 105.6 (D. Md. 2011).  For the reasons articulated below, the Defendants' Motion to Dismiss will be GRANTED.

District courts have subject matter jurisdiction over civil actions where the matter in controversy exceeds the value of $75,000 and is between citizens of different states.  28 U.S.C. § 1332(a)(1).  This statute requires "complete diversity of citizenship.  That is, diversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff."  *Owen Equip. & Erection Co. v. Kruger*, 437 U.S. 365, 373 (1978) (emphasis in original).  A Rule 12(b)(1) motion should be granted "only if the material jurisdictional facts are

---

[1] Plaintiff incorrectly identified USAA as "USAA Insurance Company" in his Complaint.

not in dispute and the moving party is entitled to prevail as a matter of law." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). "The plaintiff has the burden of proving that subject matter jurisdiction exists." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999).

First, this Court lacks subject matter jurisdiction over the instant action because complete diversity does not exist. Plaintiff is a resident of the District of Columbia. USAA is not a corporation, but rather is a "reciprocal interinsurance exchange"—a type of unincorporated association—that has members in all fifty states and the District of Columbia. *See* Doc. No. 8, Fontaine Aff. ¶ 3. As an incorporated association, USAA is, for diversity purposes, a resident of every state in which it has members. *See, e.g.*, *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844–45 (10th Cir. 1988); *Baer v. United Servs. Auto. Ass'n*, 503 F.2d 393, 395 (2d Cir. 1974). Because Plaintiff and Defendant USAA are both District of Columbia residents for diversity purposes, complete diversity does not exist, and this Court lacks subject matter jurisdiction.

Second, Plaintiff's Complaint must be dismissed because he has failed to satisfy the amount-in-controversy requirement of § 1332(a). Plaintiff claims damages in the amount of $3,219.37, far short of $75,000.00.[2]

For the foregoing reasons, it is, this **20th day of December, 2012**, by the United States District Court for the District of Maryland, hereby **ORDERED** that:

1. Defendants' Motion to Dismiss, Doc. No. 8, is **GRANTED**;

2. This action shall be **DISMISSED** without prejudice;

3. The Clerk of the Court shall **CLOSE** this case; and

---

[2] The Court also notes that it is not entirely clear from the Complaint whether Plaintiff intended to name Tolen as a Defendant in this matter. Although Tolen is named in the caption of the Complaint, he is not mentioned in the text. Plaintiff attaches a letter signed by Tolen denying coverage, but it is unclear what cause of action Plaintiff is asserting against Tolen. Accordingly, the Court would also dismiss the case as to Tolen for failure to state a claim upon which relief can be granted.

4. The Clerk shall transmit a copy of this Order to counsel of record and **MAIL** a copy to *pro se* Plaintiff.

| | |
|---|---|
| __December 20, 2012__<br>Date | _____/s/_____<br>Alexander Williams, Jr.<br>United States District Judge |